**Mai Shawwa**
Attorney at Law, SBN 236683
1226 "L" Street
Bakersfield, CA 93301
Tel.: (661) 348-4483
mai@shawwalaw.com

Attorney for:
ALEJANDRO HERNANDEZ

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO HERNANDEZ,<br><br>Defendants. | Case No. 1:24-CR-295-KES-BAM<br><br>**STIPULATION AND ORDER TO MODIFY DEFENDANT'S CONDITIONS OF RELEASE** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT, HONORABLE KIRK E. SHERRIFF AND LUKE BATY, ASSISTANT UNITED STATES ATTORNEY:

Alejandro Hernandez is charged by Superseding Indictment with drug trafficking conspiracy charges. On October 7, 2025, the Honorable U.S. Magistrate Judge Christopher D. Baker ordered the defendant released subject to posting a vehicle title bond for a vehicle owned by his mother, with Pretrial Services supervision with conditions of release to include: Third-party custody of his sister, not use of possess any narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; participate in the location monitoring program with home detention, participate in substance abuse / mental health treatment, among other conditions.

1

On October 9, 2025, the defendant was released from custody and placed on the location monitoring program with home detention. He has fully adhered to the home detention restrictions except for arriving home six minutes late yesterday. He reports he was "tied up at work" clearing up a scheduling matter with his supervisor.

A Status Conference in this matter is currently scheduled for December 10, 2025, before the Honorable U.S. Magistrate Judge Barbara A. McAuliffe.

On October 29, 2025, the Pretrial Service Officer Frank Guerrero learned that on October 24, 2025, the defendant submitted a urine sample that screened presumptively positive for the presence of Marijuana.

On November 4, 2025, Officer Guerrero learned that on October 30, 2025, the defendant submitted a urine sample that screened presumptively positive for marijuana and cocaine. Both samples have been sent to the national lab for confirmation.

It is noted that on October 31, 2025, Officer Guerrero received communication from the federally contracted substance abuse treatment provider advising that, during his initial appointment, the defendant shared a very extensive history of substance use and recent use. He added that the defendant could not recall history of sobriety at any point of his life since 11. The counselor further stated that he believes the defendant needs impatient support before engaging in outpatient counseling. The defendant was very respectful, honest, and forthcoming in session. The defendant did not make his 12pm session for October 31, 2025, and a status alert was submitted. The counselor further stated that he would like to continue to work with the defendant, but he suggested that the defendant needs 60-90 days of inpatient treatment.

On November 5, 2025, Officer Guerrero contacted the defendant regarding the six-minutes late return, his failed counseling appointment, and to inquire about any recent illegal drug use. The defendant stated he was sorry for missing his counseling appointment on October

2

31st as he got home from work and fell asleep. It is noted that the defendant works at Amazon and works 3:20 am to 11:50 am. He then admitted to having snorted "a couple of lines" of cocaine one day last week during his lunch break at work. He stated that a co-worker was talking about having cocaine and the defendant gave in to the temptation. He stated he regrets his bad decision making and he now realizes that he has jeopardized everything, including his mom losing her vehicle. When asked if he has used any marijuana since being released, he denied any new use but admitted to being in a car with the same co-worker who was smoking it and with others who have been around him while smoking marijuana. He was sternly admonished and suggested he cut ties with all those individuals who keep using drugs in his presence or offering him drugs because they are only going to cause him to violate his bond and end up in custody.

On November 7th, Mr. Hernandez reported to Fresno Pretrial Services Office to submit a urine sample, after having failed to report for testing on November 6th. The drug tests yielded presumptive positive results for marijuana, cocaine, and methamphetamines.

Upon informing the defendant of the presumptive positive test results, he admitted that on the evening of 11/05/2025, he "snorted" a couple lines of cocaine. He also smoked "a couple hits" of marijuana off a vape pen that same evening. He added that he did not knowingly use methamphetamine, though he believed meth was likely mixed/cut into the cocaine because when he used the cocaine, he noticed the drug had a different smell and taste. He further stated that his drug addiction runs deep, and he wants help to curtail his addiction - he is open to either residential or outpatient treatment, whichever is faster.

He regrets his poor decision and having relapsed, but he is committed to remaining drug free going forward. When asked if he is willing to participate in treatment, he said he is ready for residential treatment because he believes he needs it so he can get his head straight and not violate again. He understands that the program is in Fresno and is for a minimum of 90 days and he will

lose his job and will likely have to start his counseling program (state matters and CPS) all over again once he completes the residential program. He acknowledged and stated that he will do whatever he has to do.

To his credit, the defendant had been in compliance with all other conditions of release before he submitted the positive drug tests.  He has taken steps to regain custody of his children, comply with state court ordered classes for his prior domestic violence case, and secured full-time employment.  The defendant is also currently participating in two one-hour individual substance abuse counseling sessions per month and is required to report for drug testing two times per month through the federally contracted outpatient treatment provider.

Given the defendant being forthcoming about his relapse and his willingness to participate in the residential treatment program, the Pretrial Services Office is not seeking a formal violation hearing at this time.  Pretrial Services respectfully recommends that the defendant's bond be modified to include the following conditions:

1. You must participate in the substance abuse treatment program at WestCare inpatient facility and comply with all the rules and regulations of the program. You must remain at the inpatient facility until released by the pretrial services officer. The location monitoring condition with home detention is terminated while participating in the WestCare inpatient program.

    a. A responsible party, approved by Pretrial Services, must escort you to all required court hearings and escort you back to the inpatient facility upon completion of the hearing;

2. Upon successful completion of the WestCare inpatient program, you must participate in the following location monitoring program component and abide by all the requirements of the program, which will include having a location monitoring unit installed in your residence and a radio frequency transmitter device attached to your person. You must comply with all instructions for the use and operation of said devices as given to you by the Pretrial Services Agency and

employees of the monitoring company. You must pay all or part of the costs of the program based upon your ability to pay, as determined by the pretrial services officer; HOME DETENTION: You must remain inside your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other essential activities pre-approved by the pretrial services officer. Essential activities include haircuts, DMV appointments, banking needs, or other activities that cannot be completed by another person on your behalf;

    3. Upon successful completion of the WestCare inpatient program, you must participate in a cognitive behavioral therapy program as directed by the pretrial services officer. Such programs may include group sessions led by a counselor or participation in a program administered by the pretrial services office;

    4. All other conditions previously imposed remain in full force and effect.

    AUSA Luke Baty and Pretrial Services Officer Frank Guerrero are aware of the request and have no objection.

**IT IS SO STIPULATED.**

DATED: November 18, 2025

Respectfully Submitted,
*/s/ MAI SHAWWA*
MAI SHAWWA
Attorney for Defendant
ALEJANDRO HERNANDEZ

DATED: November 18, 2025

*/s/ Luke Baty*
Luke Baty
Assistant U.S. Attorney

# **ORDER**

**IT IS SO ORDERED** that ALEJANDRO HERNANDEZ's conditions of bond release be modified as set forth in the parties' Stipulation. Mr. Hernandez must abide by **all** conditions of his pretrial release.

IT IS SO ORDERED.

Dated:   **November 20, 2025**              /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE